CHARLES DENNISON and others v. MATHEW K. CARNAHAN.

The statute of frauds will not apply to a contract of sale, where the vendor has delivered a portion of the property. The effect of such partial delivery, is the same as that of a part payment of the purchase money by the vendee.

The statute referred to requires that such a contract shall be actually signed by the party to be charged therewith, or by his agent. Accordingly, it was *held*, that a written memorandum of the terms of sale, made by a broker employed by both parties, although it contained the name of each party in the body of such memorandum, was not a compliance with the statute.

A general denial in an answer, in the marine and justice's courts, is provided for in the code; but the provision allowing a denial of knowledge sufficient to form a belief, relates exclusively to pleadings in courts of record.

The provision in the code as to admissions of allegations in the complaint, for want of a denial in the answer, applies to the marine and justice's courts.

A mere altered adaptation of the appellant's affidavit, is not a sufficient return.

THE plaintiff complained against the defendant, in the marine court, and alleged, that on a day specified, the defendant contracted to deliver to him 150 barrels of sugar, at 5⅝ per pound; that he had delivered 104 barrels pursuant to the contract, and refused to deliver the balance. Damages claimed

Dennison v. Carnahan.

were a sum certain as the difference in value on 46 barrels, between the contract price and the market value at the time of the plaintiff's demand.

The answer, after putting in issue the making of the contract, and claiming that the defendant had acted as the agent of a third party, alleged, that if made, it was not fulfilled in consequence of storms preventing arrivals of sugars in this city; that the plaintiff had rescinded the contract; and that he had suffered no damage. The defendant also set up in his answer, that he had not sufficient knowledge to form a belief as to all the matters alleged in the complaint not specifically denied.

On the trial, a broker testified, that he acted as "the agent of both parties, or more properly, of the defendant;" that he effected the sale; and that he made, at the time, the following memorandum in his book, which was not signed by either party:—"New York, Aug. 9, 1850. For M. K. Carnahan, to C. & L. Dennison, 150 barrels sugar, at $5\frac{5}{8}$, four months." The plaintiff also proved demand upon the defendant for a delivery of the sugars in question; the market value at the time of such demand; the average weight of a barrel of sugar; and that by the custom of trade, when sugar is sold on time, the note is given at the time of delivery.

The court below held that the case was not within the statute of frauds, as part performance of the agreement, by a delivery of a portion of the sugar, must be deemed admitted in the pleadings; and that the plaintiff was excused from tendering a note at the time of the demand, because, until the sugars claimed were ready to be delivered, the plaintiff could not know the amount for which the note should be made.

The evidence was, that the refusal to deliver was absolute, and that no objection was made at the time of the demand that a note was not tendered.

The plaintiff recovered judgment, and the defendant appealed.

*J. F. Bowman*, for appellant.

*R. Ten Broeck*, for respondent.

BY THE COURT.  INGRAHAM, FIRST J.—The contract between these parties, to be valid under the statute, must have been signed by the party sought to be charged therewith.   There is no pretence in this case that the memorandum in the broker's book was so signed by the defendant, either in person or by agent, and without such signature it could not be enforced against him.

A general·denial in an answer is provided for in the 64th section, but this does not mean a denial of knowledge sufficient to form a belief.  The pleadings in these courts are not sworn to, and are not to be in any particular form, other than that directed in the 3d and 4th subdivisions of that section.   An answer may contain a general denial of the complaint, but there is no provision applicable to these courts which requires the plaintiff to prove all his complaint on an answer averring merely want of knowledge.   That rule is applicable only to actions in courts of record.

We have heretofore held, that the provision in the code as to admissions in the complaint for want of a denial in the answer, applies to these courts.  (*McKee* v. *Oakley*, October 7, 1849.)

The allegation of delivery of part of the goods is made in the complaint, and is not denied; and being material, is therefore admitted.  This, with the testimony relating to this part of the case, is sufficient to show a delivery within the meaning of the statute.

The delivery intended by the statute refers to the goods contracted for, or the money to be paid; it is immaterial which.  Any part performance of such a contract by either party takes it out of the statute and makes it valid, so that it can be enforced by either party.

Applying these rules to the matters returned by the court below, there was sufficient evidence to sustain the finding of the justice, and the other points taken by the defendant are not sufficient to demand a reversal of the judgment.

The justice's return is made by altering the appellant's affidavit.  We have heretofore expressed our disapproval of

this course, but as this return was made before January term, we do not apply the rule there intimated to this case.(*a*)

Judgment affirmed.

---

(*a*) Note by Reporter.—The rule referred to, and which is still in force, is to the effect that this court will dismiss an appeal from a court below, at once, for irregularity, when the return is merely an altered adaptation of the appellant's affidavit.